**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **CATHERINE SHIMKUS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO. 18M95864** |
| v. ) | |
| ) | |
| **COMENITY BANK,** ) | |
| ) | |
| **Defendant.** ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Comenity Bank ("Comenity"), by and through its undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, hereby gives notice of the removal of this action from the Magistrate Court of DeKalb County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. As grounds in support of this Notice of Removal, Comenity respectfully states as follows:

### I. PROCEDURAL HISTORY

1. On or about September 5, 2018, Plaintiff Catherine Shimkus ("Plaintiff") filed a Statement of Claim (the "Statement of Claim") against Comenity

in the Magistrate Court of DeKalb County, Georgia, Civil Action No. 18M95864 for alleged violations of the Telephone Consumer Protection Act ("TCPA").

2. Plaintiff's Statement of Claim asserts claims against Comenity for violations of the of the TCPA, 47 U.S.C. § 227(b)(1)(a)(iii). (*See* Statement of Claim, p. 1.)

3. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. In pertinent part, section 1441 provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441.

## II. FEDERAL QUESTION JURISDICTION EXISTS

4. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

5. This is a civil action arising under the Constitution, laws, or treatises of the United States because Plaintiff is asserting claims against Comenity based upon alleged violations of TCPA. (*See* Statement of Claim, p. 1.) *See Mims v. Arrow Financial Services, LLC*, 565 U.S. 368, 387 (2012) (holding that both state and federal courts have concurrent jurisdiction over TCPA claims and federal courts have federal-question jurisdiction over TCPA claims pursuant to Section 1331).

6. The Statement of Claim alleges that Comenity violated TCPA by making telephone calls to Plaintiff's cellular telephone number ending in -8369. (*See* Statement of Claim, p. 1.)

7. Plaintiff's TCPA allegations raise substantial questions of federal law that are apparent from the face of the Statement of Claim. Therefore, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *See Mims,* 565 U.S. at 387.

8. Accordingly, removal to this Court is proper under 28 U.S.C. § 1441(a).

### III. ADOPTION AND RESERVATION OF DEFENSES

9. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Comenity's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service

of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under O.C.G.A. § 9-11-12 or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## IV. PROCEDURAL REQUIREMENTS

10.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

11.     True and correct copies of "all process, pleadings, and orders" served upon Comenity to date are attached hereto as **Exhibit A** in conformity with 28 U.S.C. § 1446(a). There has been no other process, pleadings, or orders served upon Comenity to date in this case.

12.     This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446.

13.     Comenity has heretofore sought no similar relief.

14.     The United States District Court for the Northern District of Georgia, Atlanta Division, is the court and division embracing the place where this action is pending in state court.

15.     Promptly after the filing of this Notice of Removal, Comenity is filing a copy of the same with the clerk of the Magistrate Court of DeKalb County,

Georgia, as well as a Notice of Filing Notice of Removal. Written notice of the filing of this Notice of Removal will also promptly be served upon Plaintiff.

16. Comenity reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses that may independently support a basis for removal.

17. This Notice is filed on behalf of Comenity.

18. There are no other defendants to this action and, as a result, no other entities are required to consent to this removal.

WHEREFORE, PREMISES CONSIDERED, Comenity prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Magistrate Court of DeKalb County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 4th day of October, 2018.

/s/ Alan D. Leeth
Alan D. Leeth (GA Bar #472031)
aleeth@burr.com

BURR & FORMAN LLP
420 N. 20th St., Suite 3400
Birmingham, AL 35203
Telephone: (205) 458-5499
Facsimile: (205) 244-5670

Attorney for Defendant
COMENITY BANK

## **CERTIFICATE OF COUNSEL**

I hereby certify that the foregoing **NOTICE OF REMOVAL** has been prepared with Times New Roman, 14-point font, one of the font and point selections approved by the Court in LR 5.1, NDGa.

        */s/Alan D. Leeth*
        Alan D. Leeth(GA Bar #472031)
        aleeth@burr.com

        BURR & FORMAN LLP
        420 N. 20th St., Suite 3400
        Birmingham, AL 35203
        Telephone: (205) 458-5499
        Facsimile: (205) 244-5670

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of October, 2018, a true and correct copy of the foregoing **NOTICE OF REMOVAL** has been served via United States First Class Mail, postage prepaid, on the following:

Cliff R. Dorsen
Skaar & Feagle, LLP
2374 Main Street, Suite B
Tucker, GA 30084
cdorsen@skaarandfeagle.com

James M. Feagle
Skaar & Feagle, LLP
2374 Main Street, Suite B
Tucker, GA 30084
jfeagle@skaarandfeagle.com

Kris Skaar
Skaar & Feagle, LLP
133 Mirramont Lake Drive
Woodstock, GA 30189
kskaar@skaarandfeagle.com

*/s/ Alan D. Leeth*
OF COUNSEL